IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOSEPH R. FORD, on behalf of himself and all other individuals and entities similarly situated in the State of Tennessee, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 3:05-CV-155 Judge Thomas W. Phillips |
| SMART DOCUMENT SOLUTIONS, LLC and CHART ONE, INC., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND OPINION

This is an action by a plaintiff attorney with other individuals and entities similarly situated in the state of Tennessee against two medical document reproduction companies to recover overcharges in connection with the production of medical record copies. The matter is before the Court on defendants' motions to dismiss [Doc. 9 and Doc. 11], as well as plaintiff's motion to remand [Doc. 15]. Plaintiff has not responded to defendants' motions to dismiss asserting that his motion to remand should be decided before considering the issues of dismissal. Defendants have responded to plaintiff's motion to remand, and the plaintiff has replied. For the reasons that follow, plaintiff's motion to remand is **GRANTED**, and defendants' motions to dismiss are **DENIED**, as moot.

1

## BACKGROUND

The plaintiff, Joseph R. Ford and others similarly situated in the state of Tennessee ("Mr. Ford"), filed his complaint in Chancery Court for Knox County, Tennessee, on February 17, 2005. The complaint asserts a number of claims, which essentially argue that the defendants, Smart Document Solutions, LLC ("Smart Document") and Chart One, Inc. ("Chart One"), systematically and unlawfully overcharged for copies of medical records requested on behalf of clients.

In regard to the amount of recovery sought, plaintiff's complaint initially states the following disclaimer:

> The total amount in controversy as to Plaintiff and each individual member of the proposed class alleged herein, including actual, compensatory, treble or punitive damages; restitution; injunctive, declaratory and/or other equitable relief of any nature; and/or any other unspecified relief, does not exceed seventy-four thousand dollars ($74,000.00) per individual member of the proposed class. Plaintiff seeks no form of "common" recovery. Plaintiff does not seek statutory attorney's fees, but seeks attorneys' fees only from a common fund. Plaintiff also asserts no claim under the federal law of the United States. Plaintiff's Tennessee law claims are not federally pre-empted and are required to be heard in a State of Tennessee forum.

However, on March 21, 2005, Smart Document timely removed the action to federal court pursuant to 28 U.S.C. §§ 1332 and 1441 with Chart One's consent. Defendants then individually filed motions to dismiss based on lack of standing and other arguable grounds. The crux of defendants' standing argument is that Mr. Ford is not the person for whom the records were requested; he has sustained no injury-in-fact; and he is not the real party in

interest. Therefore, defendants assert that Mr. Ford has failed to state a claim under Rule 12(b)(1), 12(b)(6), and/or 12( c).

Instead of responding to the defendants' dismissal assertions, plaintiff filed a motion to remand on May 13, 2005. Plaintiff attacks the removal stating that the defendants cannot satisfy the amount in controversy requirement for diversity jurisdiction. Defendants responded that recovery sought by the unnamed class can be aggregated to meet the $75,000.00 threshold. Specifically, defendants assert that case law indicates that aggregation of claims is permitted to establish jurisdiction. Further, the defendants argue that plaintiff's claim for certain common and undivided interest damages, including unjust enrichment (involves disgorgement of profits from unlawful overpayment), compensatory damages, punitive damages, injunctive relief, and attorney's fees, necessitates that the Court find that the controversy requirement has been met.

Mr. Ford essentially responds that the defendants have a misplaced understanding of case law regarding aggregation of claims to establish jurisdiction and a misunderstanding of law concerning aggregation of damages in connection with common and undivided interest damages. In the instant matter, plaintiff states that each class member is pursuing a separate and distinct claim. Morever, the plaintiff avers that his complaint is carefully plead to assert claims that disallow aggregation of recovery to meet the amount in controversy requirement.

In regard to plaintiff's unjust enrichment claim, the complaint states that defendants

have wrongfully benefitted from the overpayment by class members; defendants should not be permitted to retain the economic benefit from deceptive conduct; defendants should be forced to pay restitution and prejudgment interest to the class members; and defendants' unjust enrichment warrants a judicial determination that a constructive trust exist between class members and defendants. As to punitive damages, the plaintiff articulates that the defendants engaged in willful, wanton, intentional and/or reckless misconduct; that punitive damages are required in order to punish and deter the defendants and related conduct; and that the Court should consider certain factors for determining an award of punitive damages as determined by the Tennessee Supreme Court.

In regard to other relief, the plaintiff essentially and simply states a prayer for injunctive relief, prohibiting the defendants from engaging in unlawful and wrongful conduct; compensatory damages in an amount to be determined at trial and other necessary, proper, and general relief; and reasonable attorney's fees, disbursements, and costs of this action. Each claim for damages and each count of plaintiff's complaint is premised with the statement that, "[p]laintiff repeats and realleges each of the foregoing allegations of this Complaint with the same force and effect as if fully set forth herein."

**MOTIONS FOR DISMISSAL AND REMAND WITH APPLICABLE LAW**

In every case filed in or removed to federal court, the first and fundamental question is whether the federal court has jurisdiction to hear it. *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606-607 (6thCir.1998); *Sutton v. Stolt-Nielsen Transp. Group, Ltd.*,

2004 U.S. Dist. LEXIS 17098, *3 (E.D.Tenn. May 27, 2004). Because this Court is of limited jurisdiction, its first responsibility is to determine whether jurisdiction exists. Therefore, plaintiff's motion to remand will be addressed first.

A federal district court has original jurisdiction of an action between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a). The party asserting federal jurisdiction bears the burden of establishing that the action has been properly removed to federal court. *See Gafford v. General Electric. Co.,* 997 F.2d 150, 155 (6thCir.1993). In determining removal, courts have strictly construed statutes conferring removal jurisdiction because removal jurisdiction encroaches on a state court's jurisdiction. *Brierly v. Alusuisse Flexible Packing, Inc.*, 184 F.3d 527, 534 (6thCir.1999). Furthermore, "in the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established." *Id.*

Since the parties do not dispute complete diversity, the sole issue of remand centers on the amount in controversy requirement. In the analysis of whether the amount in controversy has been satisfied, the court must examine the complaint at the time it was filed. *St. Paul Mercury Indemnity Co., v. Redcap Co.*, 303 U.S. 283, 58 S.Ct. 586 (1983). "[T]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.* at 288*; see also Kovacs v. Chesley,* 406 F.3d 393, 395 (6thCir.2005). Furthermore, a plaintiff in a diversity case may defeat removal to

federal court by suing for less than the jurisdictional amount. *St. Paul Mercury Indemnity, 303 U.S.* at 294. If a plaintiff's complaint contains a specified damage amount, i.e "does not exceed seventy-four thousand dollars ($74,000.00)," a defendant must show to a "reasonable probability" or "substantial likelihood" that the plaintiff seeks a damage award in excess of $75,000.00 to meet the amount in controversy requirement.[1] *See Ratliff v. Merck*, 359 F.Supp.2d 571, 574-75 (E.D.Ky.2005); *Gafford*, 997 F.2d at 157.

The plaintiff has disclaimed all relief exceeding $74,000 per individual class member (including actual, compensatory, punitive, treble, restitution, declaratory relief, injunctive relief, other equitable relief, other unspecified relief, common relief, and statutory attorneys' fees).[2] Rather than argue that Mr. Ford's claim for recovery exceeds the minimum amount in controversy requirement, the defendants put forth theories of aggregating the class members' claims to successfully meet the jurisdictional amount in controversy requirement. Defendants proceed under two alternative theories: 1) aggregation of class members' claims will satisfy the amount in controversy to establish original jurisdiction, such that the defendants need not establish that one class member's damages independently exceeds $75,000.00, and 2) defendants can aggregate the claims because plaintiff has asserted an "integrated claim."

---

[1] If the complaint does not specify an amount of damages sought, a survey of case law reveals at least three different burdens of proof to be placed upon the defendant. However, the "preponderance of the evidence" (the more likely than not) test is the best alternative. *Gafford* 997 F.2d at 158 (6thCir.1993).

[2] The defendants have not asserted that the sum claimed for each class member was made in bad faith. Further, the complaint does articulate that overcharges and general recovery between class members will vary on account of individual transactions. However, the parties do not distinguish any differences in rights and general types of claims sought between named and unnamed putative class members. Thus, a single analysis for both named and unnamed plaintiffs is appropriate.

Aggregation of claims to establish original jurisdiction

In regard to the first of the two theories, defendants mistakenly rely on *Olden v. LaFarge Corp.*, 383 F.3d 495 (6thCir.2004) to support their claims. The question in *Olden* was whether 28 U.S.C. § 1367 authorizes *supplemental* jurisdiction over the claims of class members that do not meet the amount-in-controversy threshold.[3] *Id.* at 506-07. At no time did the *Olden* Court address whether aggregation of claims to establish *original* diversity jurisdiction under 28 U.S.C. § 1332 was proper. Indeed, in *Olden*, the parties had already agreed that original jurisdiction was present.

Subsequent case law has addressed whether defendants may aggregate claims to establish original jurisdiction. The Court in *Johnson v. Micron Technology, Inc.*, 354 F.Supp.2d 736, 741-44, (E.D.Mich.2005) discussed the *Olden* opinion at length and found that the Sixth Circuit's holding in *Olden* did not alter the requirement that a defendant must first establish original diversity jurisdiction. In fact, the court held that "[original jurisdiction] must be clearly established independently by one member of the plaintiff class and is a prerequisite to the exercise of supplement jurisdiction." *Id.* at 742.

Further, a recent decision by the district court for the Western District of Tennessee found that a "[d]efendant's reliance on *Olden* to support its contentions that 'the class may

---

[3] 28 U.S.C. § 1367(a) states "*in a civil action of which the district courts have original jurisdiction*, the district courts shall have *supplemental* jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." (emphasis added).

aggregate damages' to meet the amount-in-controversy requirement for original diversity jurisdiction is misplaced.'" *Alinsub v. T-Mobile* --- F.Supp.2d ---- *, 2006 WL 335592, *4 (W.D.Tenn. Feb. 13, 2006). Since the defendants have not sufficiently argued that the recovery of at least one class member's damages independently exceeds $75,000.00, the defendants have failed to prove the amount in controversy requirement.

### Aggregation of claims asserting a common and undivided interest

Although it is well established that separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement in diversity class actions, multiple plaintiffs may aggregate their claims to meet the jurisdictional amount if those plaintiffs "unite to enforce a single title or right in which they have a common and undivided interest." *Snyder v. Harris*, 394 U.S. 332, 336, 89 S.Ct. 1053, 22 L.Ed.2d 319, 335 (1969). In the instant action, the defendants are seeking to assert the above exception, claiming that the class members' claim for unjust enrichment (seeking to disgorge unlawful and wrongful profits), punitive damage, compensatory relief, injunctive relief, and attorney's fees and cost, essentially assert an integrated, common, and undivided interest.

A common and undivided interest is found when shares of each plaintiff increase when another plaintiff cannot or will not collect his or her share. *Sellers v. O'Connell*, 701 F.2d 575, 579 (6thCir.1983). A typical case in which plaintiffs would have a common and undivided interest involves a single indivisible res, such as a piece of property, an

8

insurance policy, or perhaps an estate. *Durant v. Servicemaster Company*, 109 Fed.Appx. 27 (6thCir.2004).

The Court acknowledges, as do the parties, that the Sixth Circuit has not set a specific rule regarding aggregation of class members' claims for unjust enrichment.[4] *Alinsub*, 2006 WL 335592 at *4. However, this Court finds that the particularized set of facts and claims involved in the current controversy closely follow the line of court decisions for non-agreggation of unjust enrichment claims. This is a case in which compensatory damages were sought; the class members did have individual direct transactions/contracts with the defendants; and actual damages can be determined and established with regard to each class member. Furthermore, the matter does not present an "all or nothing" damage component indicating a "common fund" doctrine for damages. *See In re Cardizem Antitrust Litig.*, 90 F.Supp.2d 819, 826 (E.D.Mich.1999). In the instant action, the plaintiff, and others similarly situated, are suing for damages based on their individual transactions with the defendants. Each plaintiff has allegedly sustained damages apart from any other plaintiff. In fact, each plaintiff could have brought an action against the defendants on an individual basis. Class members' interests before the lawsuit were not common and undivided, and their claims against the defendants for unjust enrichment do not now unite them. *See Sellers v. O'Connell*, 701 F.2d 575, 579 (6thCir.1983) (stating "[w]here a group of plaintiffs litigate individual cash claims the amount of which remain unaffected by the

---

[4] The Sixth Circuit has also not set a *per se* rule regarding aggregation of punitive damages and other such damages. *See Harris v. Physicians Mutual Insurance Company*, 240 F.Supp.2d 715 (N.D.Ohio2003).

results obtained by fellow plaintiffs, the litigants may not aggregate their claims when alleging jurisdiction.").

Further, although the plaintiff has requested a constructive trust to collect unjustly obtained profits, which at first blush may seem to suggest a common and undivided interest, the pool of profits would only function as a vehicle for administering individual awards. Indeed, the *Durant* Court held that:

> [p]laintiffs here cannot aggregate their individual claims for unjust enrichment because the plaintiff group is not seeking recovery of a single indivisible res. Although plaintiffs asked the district court to create a common fund to collect unjustly obtained profits, that fund would be just a vehicle for administering individual awards, not an indivisible res.

*Id.* at 29-30 (citations omitted). Furthermore, the *Durant* Court discussed the *Sellers* opinion finding that the possibility of enhanced recovery by some plaintiffs is necessary, but not alone sufficient, for determining that plaintiffs have a common and undivided interest in a fund. *Id.* at 30.

Additionally, courts have reasoned that the very premise of aggregation of disgorgement damages is flawed. One particular court explained:

> [i]f a class member does not collect his or her share of a restitution award, that share would not necessarily be distributed to the collecting class members. In fact, a rule allowing aggregation in this case would create federal jurisdiction over every diversity class action that had a possibility of unclaimed funds, simply because the court might decide to distribute unclaimed funds pro rata to other class members.

*Nabal v. BJ's Wholesale Club, Inc.,* 2002 WL 32349137, at *5 (E.D.Pa.2002).

10

Case 3:05-cv-00155   Document 23   Filed 03/30/06   Page 10 of 14   PageID #: 10

Similarly, defendants assertion that each class member's punitive damage claim may be aggregate is flawed. When class members collect for punitive damages based on each class member's transaction(s) with the defendants, aggregation of punitive awards is not appropriate. *Perotti v. Black & Decker (U.S.) Inc.*, 205 F.Supp.2d 218, 218-19 (N.D.Ohio2003). In the instant action, it would appear that the individualized punitive damages claims would be relatively small.[5] Moreover, the defendants have not put forth any evidence to conclude otherwise. Likewise, since the defendants have failed to put forth any evidence regarding individual compensatory/restitution damages of class members and since each class member's compensatory damage amount appears to be relatively minimal, the Court concludes that individual compensatory awards are insufficient in establishing the amount of controversy requirement for jurisdictional purposes.

Further, although the defendants assert that the recovery of injunctive relief may be aggregated to meet the amount in controversy requirement, little or no evidence is presented by the defense on this issue. The Sixth Circuit has determined that injunctions should be valued from the plaintiff's viewpoint for jurisdictional purposes. See *McIntire v. Ford Motor Company*, 142 F.Supp.2d 911, 921 (S.D.Ohio2001). As such, an injunction would have little or no economic value to the class members because it would serve to protect only future purchasers from allegedly unlawful and wrongful overcharging. Regardless of whether the value is aggregated or apportioned pro rata among the class

---

[5]Plaintiff's brief in support of remand indicates that a large punitive award per class member is unlikely in that individual actual damages are estimated to be less than $250.00.

members, the injunction is worth little to each class member for jurisdictional purposes.

In regard to aggregation of attorney's fee and other fees, statutory fees may be considered in determining whether the jurisdictional amount has been met. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6thCir.1975). However, the plaintiff does not seek statutory fees. Under a general attorney fees and associated costs analysis, when no common and undivided interest is present, aggregation of attorney fees is not appropriate. *Nelson v. Associates Financial Services Co.*, 79 F.Supp.2d 813, 821 (W.D.Mich.2000). In other words, where the underlying class action involves claims of multiple plaintiffs with each suing on his or her own contract, the plaintiffs do not possess a common and undivided interest in their claims for attorney's fees, and aggregation is not appropriate. *Id.* The same rationale must apply to other fees necessary for the maintenance and prosecution of the case.

The plaintiff has carefully worded the complaint to avoid alleging any federal cause of action and to avoid the amount in controversy requirement of diversity jurisdiction. As stated above, plaintiff disclaims individual class member recovery in excess of $75,000.00. Defendants' arguments to establish jurisdiction in federal court miss the mark.

In addition, the matter is peculiarly appropriate for state court jurisdiction. Courts of Tennessee are as competent, if not more competent, to resolve these issues rather than the United States District Court. *See Nasco, Inc. v. Norsworthy*, 785 F.Supp. 707, 709

12

(M.D.Tenn.1992) (stating that "[r]emand in the ordinary diversity case puts trial in the hands of a State judge experienced in that type of litigation rather than a federal court where diversity cases constitute a minor part of the docket.").

Because the Court finds that defendants have failed to show that the amount in controversy satisfies the diversity jurisdictional requirement, as set forth above, the Court does not address defendants' motions for dismissal.

### **PLAINTIFF'S CLAIM FOR ATTORNEY FEES**

District courts have the discretion to award attorneys' fees and costs upon remand of an action following removal. *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6thCir.1993). Pursuant to 28 U.S.C. § 1447( c), an order of remand may require payment of costs and attorneys fees incurred as a result of opposing a removal. Further, fees and costs may be awarded when "fair and equitable under all of the circumstances." *Morris* 985 F.2d at 240. However, the defendants put forth competent, although unavailing, arguments. Therefore, the Court, in its discretion, declines to award the plaintiff attorney fees and costs.

### **CONCLUSION**

13

For the reasons hereinabove set forth, plaintiff's motion for remand is **GRANTED**, and defendants' motions for dismissal are **DENIED**, as moot.

**ENTER:**

s/Thomas W. Phillips
United States District Judge